## FILLI *v.* DELAWARE, L. & W. R. Co.

*(Circuit Court, S. D. New York.* November 26, 1888.)

COURTS—FEDERAL JURISDICTION—CORPORATIONS—CITIZENSHIP.
Act U. S. March 3, 1887, providing that an action shall be brought in no other district than that of which defendant is an inhabitant, authorizes an action against a railroad corporation only in the state by whose laws it was created, though the greater part of its railway and its principal office are in another state, where its annual elections are held, and most of its officers and stockholders reside, and of which most of its directors are citizens.

At Law. On motion to set aside service of summons.

Plaintiff, Anthony Filli, an alien, brought suit against defendant, the Delaware, Lackawanna & Western Railroad Company, a Pennsylvania corporation, in the Southern district of New York. Defendant moved to set aside service of process on the ground that under the act of March 3, 1887, the action could not be brought in a district other than that of which defendant was an inhabitant. Upon the motion, plaintiff read an affidavit showing that the greater part of defendant's railroad is located in the state of New York; that its principal office is in the city of New York; that its annual elections of directors are held in the principal office; its books and records kept, and its stock transferred there; that its principal officers have their offices there; and that of its fourteen directors, eleven are citizens and residents of New York state, and only one is a citizen and resident of Pennsylvania.

*Rogers, Locke & Milburn,* (*Charles MacVeagh,* of counsel,) for defendant.

The court cannot take jurisdiction, unless the facts constituting such jurisdiction are affirmatively shown. *Bors* v. *Preston,* 111 U. S. 255, 4 Sup. Ct. Rep. 407; *Robertson* v. *Cease,* 97 U. S. 646; *Bank* v. *Reed,* 8 Reporter, 7. The court cannot take jurisdiction, unless the record shows affirmatively that the defendant corporation is an inhabitant of the Southern district of New York. Act March 3, 1887; *Short* v. *Railroad Co.,* 34 Fed. Rep. 225; *Tiffany* v. *Wilce,* Id. 230; *Loomis* v. *Gas Co.,* 33 Fed. Rep. 353; *Vinal* v. *Construction Co.,* 34 Fed. Rep. 228; *Swayne* v. *Insurance Co.,* 35 Fed. Rep. 1; *Railroad Co.* v. *Railroad Co.,* 33 Fed. Rep. 385; *Denton* v. *International Co.,* 36 Fed. Rep. 3; *Halstead* v. *Manning,* 34 Fed. Rep. 565. The record shows that the defendant is an inhabitant of the state of Pennsylvania. *Railroad Co.* v. *Harris,* 12 Wall. 65; *Railway Co.* v. *Whitton,* 13 Wall. 285; *Ex parte Schollenberger,* 96 U. S. 377; *Railroad Co.* v. *Koontz,* 104 U. S. 11; *Muller* v. *Dows,* 94 U. S. 444; *Steam-Ship Co.* v. *Tugman,* 106 U. S. 120, 1 Sup. Ct. Rep. 58; *Fales* v. *Railway Co.,* 32 Fed. Rep. 673. The objection to jurisdiction is properly taken by motion to set aside the service, and dismiss the complaint. *Manufacturing Co.* v. *Pope Manuf'g Co.,* 34 Fed. Rep. 818; *Denton* v. *International Co.,* 36 Fed. Rep. 1.

*William P. Toler,* (*George C. Holt,* of counsel,) for complainant.

A corporation can be an inhabitant of a state which did not create it. *Bank* v. *Deveaux,* 5 Cranch, 61; *Bank* v. *Slocomb,* 14 Pet. 60; *Railroad Co.* v. *Wheeler,* 1 Black, 286; *Muller* v. *Dows,* 94 U. S. 444; *Steam-Ship Co.* v. *Tugman,* 106 U. S. 118, 1 Sup. Ct. Rep. 58; *Insurance Co.* v. *French,* 18 How. 404; *Express Co.* v. *Kountze,* 8 Wall. 342; *Manufacturing Co.* v. *Pope Manuf'y Co.,* 34 Fed. Rep. 818; *Denton* v. *International Co.,* 36 Fed. Rep. 1; *Gibbs*

v. *Insurance Co.*, 63 N. Y. 114; 2 Mor. Priv. Corp. (2d Ed.) § 958, note. Defendant is an inhabitant of the Southern district of New York. *Miller-Magee Co.* v. *Carpenter*, 34 Fed. Rep. 433; *Hardenberg* v. *Ray*, 33 Fed. Rep. 812; *Halstead* v. *Manning*, 34 Fed. Rep. 565; *Cooley* v. *McArthur*, 35 Fed. Rep. 372; *Gracie* v. *Palmer*, 8 Wheat. 699. The defendant has waived its right to claim exemption from suit in this district. Cases cited, and also *Pennoyer* v. *Neff*, 95 U. S. 722; *St. Clair* v. *Cox*, 106 U. S. 350, 1 Sup. Ct. Rep. 354.

LACOMBE, J., (*after stating the facts as above.*) The fact of citizenship in any particular state is asserted of a corporation solely by a legal fiction. A suit by or against it is regarded as a suit by or against the stockholders; and it is conclusively presumed (frequently contrary to the fact) that all the stockholders are citizens of the state which by its laws created the corporation. *Railroad Co.* v. *Harris*, 12 Wall. 65; *Railway Co.* v. *Whitton*, 13 Wall. 285; *Muller* v. *Dows*, 94 U. S. 444; *Steam-Ship Co.* v. *Tugman*, 106 U. S. 120, 1 Sup. Ct. Rep. 58; *Bank* v. *Earle*, 13 Pet. 519. Analogy would indicate that the place of its inhabitancy is to be ascertained in the same way as its citizenship, and such is the expressed opinion of the only supreme court decisions bearing on the point. *Ex parte Schollenberger*, 96 U. S. 377; *Railroad Co.* v. *Koontz*, 104 U. S. 11. The circuit court cases cited by the plaintiff in support of his contention do no more than hold that, although a corporation be a citizen and inhabitant of one state, it may, for the purpose of serving process, be found elsewhere. Some of them apparently intimate that a corporation may be an inhabitant of a state other than that which created it, but the weight of authority is the other way; and in *Fales* v. *Railway Co.*, 32 Fed. Rep. 673, it is expressly held that under the act of 1887 the same construction must hold good as under previous acts, viz., that corporations are to be deemed citizens and residents of the state under whose laws they are created. If the plaintiff in the case at bar were a citizen of this state, and a resident of this district, he could no doubt effect service on the defendant here, where its principal office is located, although it is a citizen of Pennsylvania, and so much of its railroad as is located in this state lies within the Northern district. Such, however, is not the case. To sustain any action in this district, plaintiff must show that the defendant's legal habitation is here. This he cannot do unless the rule for ascertaining the citizenship and residence of corporations laid down by the supreme court in the cases cited is departed from. The motion is granted.