ROWBOTHAM v. GEORGE P. STEELE IRON CO. et al.

(Circuit Court, E. D. Pennsylvania. January 27, 1896.)

No. 11.

1. JURISDICTION OF FEDERAL COURTS—CORPORATIONS.

A corporation of one state which complies with the laws of another state wherein it does business, in respect to filing a copy of its charter and appointing an agent to receive service of process, does not thereby waive its right to insist that it shall only be sued in a federal court in the district and state of its incorporation.

2. EQUITY JURISDICTION—PARTIES.

Where a suit against a corporation is dismissed for want of jurisdiction, the court has no equitable cognizance in respect to its officers joined as defendants for the purposes of an accounting in behalf of the company.

Bill by John Rowbotham against the George P. Steele Iron Company, and George P. Steele and others.

Charles L. Smyth, for complainant.

Henry E. Everding, for defendants.

DALLAS, Circuit Judge. The complainant and the principal defendant, the George P. Steele Iron Company, are both citizens of New Jersey. The latter has pursued the provisions of a Pennsylvania statute by filing its charter and appointing an agent in that state, upon whom service of process may be made; and it does business therein. But these facts do not defeat its right to insist that it shall not be sued in a court of the United States elsewhere than in the district of New Jersey, in which it was created. In re Keasbey & Mattison Co., 16 Sup. Ct. 273; Filli v. Railroad Co., 37 Fed. 65.

Respecting the other defendants the case is not one of which this court, as a court of equity, can take cognizance. They were made parties only as officers of the George P. Steele Iron Company, and the only prayer as to them is for an accounting on behalf of that company. No equitable ground for relief against them is presented. Root v. Railway Co., 105 U. S. 189. The bill is dismissed, with costs.