### LUKOSEWICZ v. PHILADELPHIA & READING COAL & IRON CO.

(District Court, E. D. New York. March 13, 1916.)

1. COURTS ☞274—FEDERAL COURTS—SERVICE OF PROCESS—FOREIGN CORPORATIONS.

In an action against a corporation in the Eastern district of New York, a valid judgment cannot be rendered unless defendant is served within the district, or voluntarily appears, and service in the Southern district on an agent designated under the laws of the state for service of process is not a good service.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. ☞274.]

2. COURTS ☞274—FEDERAL COURTS—DISTRICT IN WHICH SUIT MUST BE BROUGHT.

An action by an alien against a corporation must be brought in the district where defendant is incorporated, or in which it can be found having a general office or doing business, if it waives the right to insist on trial in the district of its home office.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. ☞274.]

3. COURTS ☞276—PROCESS ☞166—SERVICE—WAIVER OF OBJECTIONS.

In an action in the Eastern district of New York against a corporation served in the Southern district, it appeared specially, but, in addition to objecting to the method of service, offered several objections going to the merits of the right to proceed with the suit, based upon the pendency of other actions, alleged that its time to answer would expire before the matter could be disposed of, applied for an extension of time to plead, demur, answer, or take such steps as it might be advised, submitted an affidavit of merit, and presented objections based on the federal Constitution. *Held*, that it waived the right to object to being brought into the Eastern district, and waived the defect in the service of the papers.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. ☞276; Process, Cent. Dig. §§ 250–255; Dec. Dig. ☞166.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by Matyosus Lukosewicz, also known as Matt Lukoszus, against the Philadelphia & Reading Coal & Iron Company. On motion to set aside the service. Motion denied.

Baltrus S. Yankaus, of New York City, for plaintiff.

Armstrong, Brown & Purdy, of New York City, for defendant, appearing specially.

CHATFIELD, District Judge. [1] In this case the service of the summons and complaint was made upon James Armstrong, who is the designated agent under the laws of the state of New York for service of process in actions brought under the state law. Service was in the Southern district of New York, and, as was held in the case of Insurance Co. v. Bangs, 103 U. S. 435, 26 L. Ed. 580, a valid judgment cannot be rendered unless the defendant has been served within the district or voluntarily appears. Many of the questions presented have been discussed in the case of Vitkus v. Clyde Steamship Co., 232 Fed. 288, and other similar cases decided this day, and need not be repeated here.

[2] As decided in the Vitkus Case, supra, the district of a defendant's residence, in an action brought by an alien, must be the district where the defendant is incorporated (if a corporation), or one in which it can be found, having a general office or doing business, if it waives the right to insist upon the trial in the district of its home office, asking that the service be declared void.

[3] The defendant appeared specially, but in addition to objecting to the method of service it has offered several objections going to the merits of the right to proceed with the suit. It set up the beginning of an action in the Supreme Court for New York county, as well as the beginning of a third action in the court of common pleas for the county of Philadelphia, Pa., alleged that its time to answer would expire before the matter could be disposed of, applied for an extension of time to plead, demur, answer, or take such steps as it might be advised, submitted an affidavit of merit, and presented objections based upon the Constitution of the United States. An attempted service of the summons upon the secretary of state, under section 432 of the New York Code, allowing service where the party designated cannot be found, is in exactly the same category, and is included in the present motion.

The defendant has thus appeared and submitted to the determination of the court questions which might be raised by a plea in bar, if it wishes this court to determine which action should be proceeded with, and has obtained an extension of time to answer, plead, or demur, as it may see fit, if this court overruled its motion. It has thus waived the right to object to being brought into this district, and in so doing waived the defect in the service of the papers, which might have been urged when an attempt was made to follow the state statute and to serve the summons and complaint without the district.

Motion to set aside the service will be denied.