## ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited, v. IMPERIAL WHEEL CO.

(District Court, N. D. New York. January 6, 1922.)

1. Corporations ⊂⟩668(7)—Service on president of foreign corporation while temporarily present in the state held insufficient.

Where foreign corporation did no business in the state, and had no property therein, and where the president while temporarily present in the state transacted no business for the corporation, the service of process

on the president during such temporary presence was insufficient to give the court jurisdiction against such corporation.

**2. Corporations** &⟞665(4)—**Affidavit opposing motion to dismiss for want of jurisdiction held insufficient to justify retention of jurisdiction to make reference to determine question.**

Where affidavit opposing motion to dismiss suit against corporation as obtained by service in a state where it did no business was composed almost entirely of statements on information and belief without giving the sources of the information or the grounds for the belief, and where the remainder of the affidavit did not show any fact on which to base jurisdiction, there was no justification for a reference requested by plaintiff to determine jurisdiction, since the court, though authorized to order a reference to explain apparent discrepancies in conflicting affidavits, will not do so unless there is at least a showing in affidavit of party opposing the motion to justify the retention of jurisdiction assuming the facts alleged by him to be true.

At Law. Action by the Zurich General Accident & Liability Insurance Company, Limited, against the Imperial Wheel Company. On motion to set aside the service of summons and to dismiss the complaint on the ground that the court is without jurisdiction. Motion granted.

Ralph Shulman, of Syracuse, for plaintiff.
William H. Harding, of Syracuse, for defendant.

COOPER, District Judge. This is a motion to set aside the service of a summons and to dismiss the complaint on the ground that the court is without jurisdiction of the parties.

The plaintiff is a foreign corporation, with its home office in Zurich, Switzerland, and its principal office in this country in Chicago. The defendant is a foreign corporation having its principal office and place of business in the city of Flint, Mich. The complaint alleges that the defendant sold to the Chevrolet Motor Company an automobile which collapsed while the car was being driven, and as a result thereof its various occupants were injured. The plaintiff insurance company paid the damages to which the Chevrolet Motor Company was adjudged to be liable, and now, being subrogated to the rights of said company, has brought this action against the manufacturer of the wheel.

The action was commenced in the Supreme Court of this state, and was removed to this court upon the grounds of diversity of citizenship. The defendant now appears specially and moves to vacate the service.

The defendant sets forth by affidavit of its president that the offices, plant, and property of the defendant are wholly within the state of Michigan; that it has no office, plant, place of business, property, or assets within the state of New York; that it never had and does not now have an agent within this state; that it never did business within this state; and that at the time the defendant was served the deponent was merely attending a convention in this state.

[1] It is well settled that there can be no basis for asserting jurisdiction as the result of service of process on the president of a foreign corporation in a state where he was temporarily present and where the corporation did no business, had no property, and where the president was transacting no business for the corporation in the state where

he was served. Goldley v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Conley v. Mathiesson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; Riverside Mills v. Menefee, 237 U. S. 189, 35 Sup. Ct. 579, 59 L. Ed. 910.

[2] The plaintiff requests that a reference issue to take proof as to whether or not the defendant corporation was doing business within the state of New York. Although there is power in the court to order a reference so as to explain any apparent discrepancies in the conflicting affidavits (Conley v. Mathiesson Alkali Works, 190 U. S. 406, 407, 23 Sup. Ct. 728, 47 L. Ed. 1113), nevertheless, before such a reference order issue, there should at least be a showing in the affidavit of the party opposing the motion as would justify the retention of jurisdiction, assuming the facts alleged by him to be true. There can be no justification for the retention of jurisdiction where the affidavit opposing the motion is composed almost entirely of statements upon information and belief, without giving the sources of the information or the grounds for the belief, and where the remainder of the affidavit does not show any fact upon which to base jurisdiction.

Fishing expeditions are not favored by the courts. There is nothing to lead to the belief that the plaintiff will show that the defendant is doing business within this state.

Motion to dismiss is granted. An order should be entered accordingly.