## HURLEY v. WELLS–NEWTON NAT. CORPORATION.

No. 3465.

District Court, D. Connecticut.

April 1, 1931.

Tuttle & Day and William A. Bree, all of New Haven, Conn., for plaintiff.

Paxton Blair, of New York City, and James E. Wheeler, of New Haven, Conn., for defendant.

HINCKS, District Judge.

This is an action brought originally to the superior court for Fairfield county, state of Connecticut.

The original writ recites that the plaintiff, Hurley, is a resident of New York, and that the defendant corporation is a Delaware corporation, "located and having a principal place of business in the City, County and State of New York." The complaint itself alleges facts purporting to show a breach of a contract on the part of the defendant, and then alleges that the defendant is the owner of certain shares of stock in the William P. Kirk Company, Inc., a Connecticut corporation, and further facts supporting the plaintiff's claim for an attachment of the stock owned in said Connecticut corporation by the defendant, by means of an injunction restraining the defendant from a transfer of said stock. The complaint was accompanied by an application for a temporary injunction against said transfer. And it appears also from the record that an order for such injunction was issued by the state court. To the foregoing papers was attached a citation from the state court, commanding that "notice of the pendency of this complaint and of the foregoing order of injunction" be given the defendant by leaving a true and attested copy of the papers with "William P. Kirk as Vice-President and Treasurer of Wells-Newton National Corporation, or at his usual place of abode in the Town of Bridgeport, County of Fairfield, and State of Connecticut." The sheriff's return recites that he "left with and in the hands of William P. Kirk, as he is Treasurer of the Wells-Newton National Corporation, the within named defendant, a true and attested copy" of the

various papers with his doings thereon indorsed.

Thereafter the defendant, having appeared specially for the purpose, filed a petition for the removal of the action to this court on the ground of diversity of citizenship, which motion was duly granted by the state court.

Thereafter the defendant filed motion in this court "for an order vacating and setting aside the attempted service of process and of a complaint herein, and dismissing the complaint for want of jurisdiction of the defendant's person, on the ground that the defendant, at the time of the attempted service, was not doing business in the State of Connecticut and was not present at said time, in the District of Connecticut." To this motion, which was filed nine days prior to the time set for its return, were appended affidavits by the officers of the defendant corporation, in which the following facts are disclosed:

That the defendant is a holding company, chartered by the state of Delaware for the financing and purchasing for plumbing contracting companies; that it owns stock in some twenty-two such companies, one of which is a Connecticut corporation; that the defendant owns all of the stock in said Connecticut corporation, and prior to this action had pledged the same in New York to secure an obligation of the defendant; that the defendant's treasurer, on whom the writ in this case was served, is president of said Connecticut subsidiary, and has his personal residence in Connecticut, going to New York usually once a week to perform his duties as treasurer of the defendant; for the personal convenience of said treasurer the defendant has made such arrangements that he may receive requisitions from the defendant's New York office and make out checks in Connecticut which are in the usual course sent to the New York office for handling; that occasionally the defendant, due to temporary financial stringency, has made loans from its Connecticut subsidiary which have been deposited in Connecticut banks for specific obligations of the defendant; that the defendant ships goods to its Connecticut subsidiary in Connecticut on orders transmitted by the subsidiary to the New York office of the defendant; that it has no dealings or contracts whatever with others in Connecticut, and maintains no officers or agents in the state for the solicitation or execution of contracts in Connecticut; that it maintains, leases, and owns no office, no real estate or personal property, in the state, and no bank accounts other than the intermittent credits described above resulting from loans from its Connecticut subsidiary; and that it pays no taxes in Connecticut, and has not qualified as a foreign corporation doing business therein.

The plaintiff's claim in opposition to these motions is to the effect that objection to jurisdiction such as this, depending for its validity upon facts outside the record, must be made, if at all, by a plea to the jurisdiction filed in conformity with state practice on which an issue of fact may be joined which shall be resolved by actual testimony in open court; that, such being the practice in the state courts, this court is bound by the Conformity Act, 28 USCA § 724, to require similar procedure.

It will be observed at the outset that the defendant's motions do not seek to question the existence of "federal jurisdiction"— meaning by that term the power of a federal court, as distinguished from a state court of general jurisdiction, to entertain the case. Indeed, it was necessary for the defendant in obtaining a removal of the case from the state court to show the existence of such federal jurisdiction. And, if it succeeded in making that showing, it could not, if it would, now bring these elements of jurisdiction into question. In any event, the record clearly discloses the requisite diversity of citizenship and amount in controversy to sustain federal jurisdiction under Judicial Code § 24 (1), 28 USCA § 41 (1).

■ Nor is objection made on account of venue. To be sure, the record discloses that neither plaintiff nor defendant is a resident of Connecticut. And section 51 (a) of the Judicial Code (28 USCA § 112 (a) provides: "No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

But it is now definitely established that with regard to cases coming to the federal courts by removal from state courts, section 51 (a), just quoted, yields to section 29 of the Judicial Code (28 USCA § 72). And in all such cases, as is there provided, the suit must be removed "into the district court to be held in the district where such suit is pending." Lee v. Chesapeake & Ohio R. Co., 260 U. S. 653, 43 S. Ct. 230, 67 L. Ed. 443; Gen-

eral Investment Co. v. Lake Shore & M. R. Co., 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244; Gt. Northern Ry. Co. v. Galbreath Cattle Co., 271 U. S. 99, 46 S. Ct. 439, 70 L. Ed. 854.

 It thus appearing that the so-called "federal jurisdiction" of the case is unquestionable, the defendant, by its motions, questions the existence of jurisdiction on the fundamental ground that the court is without jurisdiction of the person of the defendant. In other words, the defendant claims that the court is without jurisdiction, since the record fails to disclose any valid service on the defendant within the jurisdiction. As to this, the record discloses that the defendant is a Delaware corporation. Such being the case, it is to be classified as a citizen of Delaware, both for the purposes of federal jurisdiction, Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 S. Ct. 526, 42 L. Ed. 964; Louisville, Cincinnati, & Charleston R. R. Co. v. Letson, 2 How. 497, 11 L. Ed. 353; Wells Co. v. Gastonia Cotton Mfg. Co., 198 U. S. 177, 25 S. Ct. 640, 49 L. Ed. 1003, and also for the purposes of venue under section 51 of the Judicial Code (28 USCA § 112), Central Trust Co. v. McGeorge, 151 U. S. 129, 14 S. Ct. 286, 38 L. Ed. 98; Jones v. Consolidated Wagon & Machine Co. (D. C.) 31 F. (2d) 383, appeal dismissed, 280 U. S. 519, 50 S. Ct. 65, 74 L. Ed. 589; Steidle v. Reading Co. (C. C. A.) 24 F. (2d) 299, certiorari denied, 278 U. S. 609, 49 S. Ct. 13, 73 L. Ed. 535. The defendant being thus described as a nonresident of Connecticut, the record nowhere discloses facts from which its presence within the jurisdiction can be found. The sheriff's return of service, it will be observed, recites merely service upon an officer of the defendant in Connecticut. It does not even purport to recite the presence of the defendant itself in Connecticut. Nor does the record by the sheriff's return, or elsewhere, disclose any attachment of property of the defendant within the jurisdiction. But the complaint discloses a right of action in personam, and jurisdiction of the person is an essential element of the jurisdiction of every court, state or federal, in every action in personam. Ex parte Craig (C. C. A.) 282 F. 138; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Caledonian Coal Co. v. Baker, 196 U. S. 432, 444, 25 S. Ct. 375, 49 L. Ed. 540.

 It is well established that the peculiar facts requisite to federal jurisdiction must affirmatively appear. Otherwise it will be presumed that federal jurisdiction is absent, and the case will be dismissed. 28 USCA § 41 (1), notes 61 and 71. A fortiori, a similar presumption must obtain as to a fundamental condition of jurisdiction, such as jurisdiction over the person.

The existence of this presumption is clearly disclosed in cases in which it is sought to attack the judgment of a court of general jurisdiction. And it is generally held that, if the record even of such a court discloses that the defendant in a personal action, "at the time of the alleged service, was without the territorial limits of the court, and thus beyond the reach of its process, and that he never appeared in the action, the presumption of jurisdiction ceases, and the burden of establishing the jurisdiction is cast upon the party who invokes the benefit or protection of the judgment or decree." Galpin v. Page, 18 Wall. 350, 368, 21 L. Ed. 959; Clark v. Wells, 203 U. S. 165, 27 S. Ct. 43, 51 L. Ed. 138. And the doctrine has precisely the same application in cases in which the defendant is a foreign corporation. See St. Clair v. Cox, 106 U. S. 353, 1 S. Ct. 354, 27 L. Ed. 222, where it was held that a personal judgment was inadmissible in a collateral action where its supporting record failed to show affirmatively that the defendant—a foreign corporation—was engaged in business in the state of the forum.

If such is the presumption after judgment, necessarily the same presumption must prevail at earlier stages whenever jurisdiction is properly drawn into question. And it is so held in the well-considered opinion in the case of Earle v. Chesapeake & Ohio Ry. Co. (C. C.) 127 F. 235. On procedural questions, this case is indistinguishable from the case at bar.

Consequently, I hold here that, since the record fails affirmatively to show jurisdiction over the person, the presumption is that such jurisdiction is lacking. It follows that there was no need for the defendant to resort to facts outside the record to support its motion. And the plaintiff's contention that the point could be taken only on plea, raising an issue of fact, therefore fails.

 However, the absence from the record of a showing of jurisdiction over the person is a defect which might be corrected, if the facts permitted, by an amendment to the complaint alleging that the defendant was doing business in Connecticut. In order to make a final disposition of the case, it seems advisable to consider whether such an amendment, if allowed, could prevail on the underlying

facts. It thus becomes important to consider whether the defendant's motions, with the supporting affidavits, are sufficient as to form.

■ In this connection, it may be noticed that, notwithstanding the plaintiff's contention, in raising in this court a question of jurisdiction, the defendant is not bound to conform to the state procedure established for that purpose. In the case of Munter v. Weil Co., 261 U. S. 276, 43 S. Ct. 347, 348, 67 L. Ed. 652, the question was one of jurisdiction, claimed to be defective by reason of "want of jurisdiction in the court over the defendant because" of a defective service. As to this point, the Supreme Court said: "We have decided, in cases which concern the jurisdiction of the federal courts, that, notwithstanding the Conformity Act, neither the statutes of the states nor the decisions of its courts are conclusive upon the federal court, the determination of such questions being 'in this court alone.' "

As to the method in which such a point of jurisdiction may be raised in federal practice, it will be observed that the books are full of cases in which a similar objection has been raised by motion supported by affidavits. Christian v. International Ass'n (D. C.) 7 F.(2d) 481, 483; Vitkus v. Clyde S. S. Co. (D. C.) 232 F. 288; Filli v. Delaware, L. & W. R. R. Co. (C. C.) 37 F. 65.

In Meisukas v. Greenough Red Ash Coal Co., 244 U. S. 54, 37 S. Ct. 593, 595, 61 L. Ed. 987, the court disposed of a similar objection to the method of attack on the jurisdiction where, as here, the underlying issue was whether the corporate defendant was "doing business" within the jurisdiction, with these words: "Finally, it is said that as, under the local law, the right to challenge the summons and the jurisdiction resting on it could only have been raised by demurrer, therefore under the Conformity Act (section 914, Rev. Stat. [28 USCA § 724]) the motion to quash the summons could not be entertained, and, on the contrary, should have been disregarded. We do not stop to discuss the proposition since it is too clear for discussion that its want of merit is foreclosed by previous decisions of this court which have recognized and upheld the practice of challenging the jurisdiction under circumstances like those here present by way of motion to quash instead of by demurrer. Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517; Wabash Western Railway v. Brow, 164 U. S. 271, 17 S. Ct. 126, 41 L. Ed. 431; St. Louis

Southwestern Ry. Co. v. Alexander, 227 U. S. 218, 33 S. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77. Affirmed."

And in the case of Gilbert v. David, 235 U. S. 561, 35 S. Ct. 164, 59 L. Ed. 360, it is held that the method by which the question of jurisdiction shall be raised is left to the sound discretion of the trial judge. This clearly left room for Judge Brewster to rule, as he did in the case of Jeffrey-Nichols Motor Co. v. Hupp Motor Car Corp. (D. C.) 41 F.(2d) 767, that the methods in which jurisdiction may be attacked are within the rule-making powers of the federal courts.

■ The plaintiff, however, on argument, objected to the defendant's use of affidavits on the jurisdictional question. In the Jeffrey-Nichols Case, just above cited, it appeared that the District Court of Massachusetts had a rule that, in matters in abatement, facts not apparent on the record are to be heard upon affidavits and counter affidavits, it being discretionary with the court whether evidence should be taken on any such issues. This court has no similar rule, and, consequently, the matter rests in the legal discretion of the court. The existence of such a rule as that just referred to in the Jeffrey-Nichols Case, expressly authorizing the use of such affidavits, necessarily suggests that the practice is a proper one. And in many of the cases cited above it appears incidentally that the facts were presented on affidavits without objection or question. Wabash Western Ry. Co. v. Brow, 164 U. S. 271, 17 S. Ct. 126, 41 L. Ed. 431; Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 S. Ct. 125, 54 L. Ed. 272; Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517. See, also, Lukosewicz v. Philadelphia & Reading Coal & Iron Co. (D. C.) 232 F. 292, and Zurich General Acci. & Liab. Ins. Co., Ltd., v. Imperial Wheel Co. (D. C.) 277 F. 71. Clearly, the practice is well established.

As to its use in the present case, it appears that the defendant's affidavits in question were annexed to its motion and copies served on the plaintiff nine days prior to court motion day and the hearing. It thus appears that the plaintiff had ample opportunity to obtain and present counter affidavits, if he so desired. Moreover, although plaintiff's counsel objected to the use of affidavits since it deprived him of his right of cross-examination, it does not appear that he even requested defendant's counsel to have his affiants present in court. And, if the defendant's treasurer, who was one of the affiants

in question, resides within the state, clearly he could be reached by subpœna. But, notwithstanding, there was apparently no attempt on the part of the plaintiff to compel his attendance for cross-examination.

 Doubtless it would be within the power of the court to take testimony on the jurisdictional facts, or in certain cases to refer the matter to a special master for a finding on the jurisdictional facts. However, since the plaintiff's objections to the procedure in this case are technical only, it seems to me reasonable to rule, as I do, that the jurisdictional facts have been properly presented.

The foregoing cases, cited above on the question of procedure, also are instructive on its merits.

 It is a necessary conclusion from the facts disclosed in the defendant's affidavits that the only acts of the defendant's treasurer within Connecticut were confined to the intraorganization activity of the defendant. Such acts do not constitute such a doing of business as to make the defendant amenable to process in Connecticut. People ex rel. Manila Ry. & Light Co. v. Knapp, 229 N. Y. 502, 128 N. E. 892; Consolidated Iron & Steel Co. v. Maumee Iron & Steel Co. (C. C. A.) 284 F. 550; United States v. Am. Bell Tel. Co. (C. C.) 29 F. 17; Bank of America v. Whitney Central National Bank, 261 U. S. 171, 43 S. Ct. 311, 67 L. Ed. 594. Nor does the mere Connecticut residence of the treasurer of defendant necessarily subject the defendant to process here. Toledo Railways & Light Co. v. Hill, 244 U. S. 49, 37 S. Ct. 591, 61 L. Ed. 982; St. Clair v. Cox, 106 U. S. 350, 1 S. Ct. 354, 27 L. Ed. 222; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 S. Ct. 728, 47 L. Ed. 1113. And it has frequently been held that the mere ownership of stock in a local subsidiary corporation is not "doing business" locally. Peterson v. Chicago, R. I. & P. R. Co., 205 U. S. 364, 27 S. Ct. 513, 51 L. Ed. 841; Philadelphia & Reading Ry. Co. v. McKibbin, 243 U. S. 268, 37 S. Ct. 280, 61 L. Ed. 710; Conley v. Mathieson Alkali Works, supra; Cannon Mfg. Co. v. Cudahy Packing Co., 267 U. S. 333, 45 S. Ct. 250, 69 L. Ed. 634; People's Tobacco Co. v. Am. Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537.

 This is not to say, of course, that dealings between a corporation and its subsidiary cannot operate to bring the parent company into the jurisdiction which obtains over the subsidiary. Here the facts disclose that the dealings consisted in loans from and to the parent company and the shipment of goods from the parent company to the subsidiary on orders received by the parent company at its main office in New York. Such loans, collateral as they are to the primary business of the corporation, do not constitute a "doing of business." U. S. v. Am. Bell Telephone Co. (C. C.) 29 F. 17. Nor does the ownership of occasional bank credits within the state imply the presence of the defendant. Bank of America v. Whitney Central Bank, 261 U. S. 171, 43 S. Ct. 311, 67 L. Ed. 594. And obviously the shipment of goods from without the state on orders sent directly to the New York office of the defendant does not bring the defendant within the jurisdiction for purposes of process. Manning v. Schweitzer & Conrad (D. C.) 9 F.(2d) 642; Cannon Mfg. Co. v. Cudahy Packing Co., supra.

 The absence of a general rule defining the elements of "presence" prerequisite to local service would be more disturbing if ultimate rights were involved. In every such case, however, if it be adjudged that the nonresident defendant has not or cannot be reached within the jurisdiction in question, the plaintiff may without prejudice, of course, pursue the defendant elsewhere. This consideration underlies the recent decision in Hutchinson v. Chase & Gilbert (C. C. A.) 45 F.(2d) 139, wherein, with refreshing candor, the court concedes the impossibility of enunciating any general rule defining the requisites of "presence," and turns frankly to the practical consideration as to whether it is fairer that the plaintiff should go to the defendant's domicile or that the defendant be required to stand suit where served. Doubtless, if the elements of corporate presence or absence were clearly established, there would be no room for the application of this practical test. But in doubtful cases it seems wholly reasonable to let this practical consideration control.

Here it is impossible to detect the "presence" of the defendant in Connecticut. Any doubts, however, on this score are swept away by the application of the doctrine of the Hutchinson Case; for here the plaintiff is a resident of New York where the defendant has its main office. Certainly it imposes no undue hardship on the plaintiff to leave him to the pursuit of his rights there.

 Doubtless the plaintiff's chief consideration in selecting Connecticut as the forum for his action was the hope of obtaining a valuable attachment here. But the affidavits

show that the defendant's complete lack of property in Connecticut made that hope illusory. And the effort to attach the defendant's share of stock in its Connecticut subsidiary by enjoining their transfer has proved fruitless, since a valid injunction for that purpose necessarily requires jurisdiction over the defendant's person.

Holding, as I do, that the defendant had not such "presence" in this state as to support a service of process on it here, the injunction fails. But such a failure involves no substantial hardship on the plaintiff. For such an injunction, if desired, can be obtained in any court having jurisdiction over the defendant.

Accordingly, the attempted service of process is vacated, and since, in view of the defendant's lack of presence in this jurisdiction, no valid service of process can be made, the complaint also is dismissed, without prejudice to the plaintiff on the merits.