125 So.2d 915 (1961)
NEWARK LADDER & BRACKET COMPANY, a New Jersey corporation, Appellant,
v.
Montague EADIE, Paul Digirolamo, and American Ladder & Scaffold Company, Inc., a Florida corporation, Appellees.
No. 60-569.
District Court of Appeal of Florida. Third District.
January 12, 1961.
Gotthardt, Christie & Shepard, Miami, for appellant.
Carey, Goodman, Terry, Dwyer & Austin, Sams, Anderson, Alper, Meadows & Spencer and Ralph P. Ezzo, Miami, for appellees.
PER CURIAM.
The issue upon this interlocutory appeal[1] is whether the Newark Ladder & Bracket Company, a New Jersey corporation, was shown to be "carrying on a business or business venture" in the State of Florida so that service of process under the provision of Section 47.16(2), Fla. Stat., F.S.A. was lawfully accomplished. The issue was properly raised by the New Jersey corporation upon motion to quash service of process, and from an adverse ruling this appeal was perfected.
The trial judge had before him two affidavits, one filed by the New Jersey corporation in support of its motion and one filed by the cross-plaintiff, an appellee herein, in support of the service. No other evidence was offered or considered. A careful examination of the affidavits, in the light most favorable to the conclusion reached by the trial judge, reveals only that the New Jersey corporation shipped goods in interstate commerce from New Jersey to Florida when ordered by the American Ladder & Scaffold Company, Inc., a Florida corporation. The affidavits further establish that the goods were shipped upon open account.
The mere act of shipping goods to a single customer, who is not a broker, jobber, wholesaler or distributor,[2] from a *916 point outside the state does not subject one to the jurisdiction of the courts of the state.[3]
Reversed.
HORTON, C.J., and PEARSON and CARROLL, CHAS., JJ., concur.
NOTES
[1] This is a personal injury case and orders at common law relating to jurisdiction over the person may be reviewed by an interlocutory appeal. Rule 4.2(a) Florida Appellate Rules, Vol. 3 Fla. Stat. 1959, 31 F.S.A.
[2] Chap. 57-747, Laws of Florida 1957; Section 47.16(2), Fla. Stat., F.S.A.
[3] Hurley v. Wells-Newton Nat. Corporation, D.C.D.Conn. 1931, 49 F.2d 914, 919; cf. Mueller v. Steelcase, Inc., D.C.D. Minn. 1959, 172 F. Supp. 416. See also cases cited in 20 C.J.S. Corporations § 1920, pp. 165, 166.