Alma JENKINS, Plaintiff,

v.

FAWCETT PUBLICATIONS, INC., a corporation, Defendant.

Civ. A. No. 843.

United States District Court
N. D. Florida,
Tallahassee Division.

May 1, 1962.

Wilfred C. Varn, of Ervin, Pennington & Varn, Tallahassee, Fla., for plaintiff.

Louis M. Jepeway, of Jepeway & Gassen, Miami, Fla., for defendant.

362

CARSWELL, Chief Judge.

Plaintiff, a citizen of Florida, instituted suit against the defendant, a Delaware corporation, having a principal place of business in Greenwich, Connecticut, and in New York City, New York. Plaintiff's husband was murdered in the course of his employment as a cab driver. In one of its publications, "Startling Detective", the defendant published a story using the widow's picture without her consent. She seeks damages based on the invasion by defendant of her right to privacy.

Service of process was attempted by plaintiff on the Secretary of State under the Florida Statutes, Section 47.16 [1] and Section 47.30, F.S.A., on the ground that the defendant was "doing business" or engaged in a business venture in the State of Florida and was, therefore, amenable to substituted service of process through the Secretary of State.

The defendant moved to dismiss and to quash service of process, contending that it was neither doing business nor engaged in a business venture within the meaning of the statute, and, therefore, the Court lacked jurisdiction over the person of the defendant. In support of its motion to dismiss and to quash, the Vice President and General Manager and a director of the defendant corporation filed an affidavit alleging that Fawcett Publications is not authorized to do business in Florida, that it does not do business in the State of Florida, that it owns no property nor does it have any office, telephone listing, or any agent designated to accept service of process in the State of Florida.

"Startling Detective" magazine is published by the defendant and is shipped from Louisville, Kentucky, by common carrier and mailed to subscribers and independent wholesale distributors, who buy the magazine for resale on news stands and other retail outlets. The orders which defendant receives from the various independent wholesale distributors are received at Greenwich, Connecticut. Payments made by the distributors to the defendant are also made at Greenwich.

The affidavit states further that the defendant has never qualified to do business in the State of Florida and does not operate, conduct and engage in or carry on a business or business venture in the State of Florida, nor does defendant have

1. Florida Statutes, Section 47.16, F.S.A.

"47.16 Service of process upon non-residents engaging in business in state.

"(1) The acceptance by any person or persons, individually, or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, shall be deemed equivalent to an appointment by such persons and foreign corporations of the secretary of state of the state as the agent of such persons or foreign corporations upon whom may be served all lawful process in any action, suit or proceeding against them, or either of them, arising out of any transaction or operation connected with or incidental to such business or business venture, and the acceptance of such privilege shall be signification of the agreement of such persons and foreign corporations that any such process against them or either of them, which is so served shall be of the same legal force and validity as if served personally on such persons or foreign corporations. Service of such process shall be in accordance with and in the same manner as now provided for service of process upon nonresidents under the provision of § 47.30. Provided that if a foreign corporation has a resident agent in the state, service of process shall be had upon such resident agent as now provided by statute.

"(2) Any person, firm or corporation which through brokers, jobbers, wholesalers or distributors sells, consigns, or leases, by any means whatsoever, tangible or intangible personal property, to any person, firm or corporation in this state, shall be conclusively presumed to be operating, conducting, engaging in or carrying on a business or business venture in this state."

an office or agency in the State of Florida. Any magazine published by defendant reaches the general public through newsstand sales at retail, and are sold by independent contractors and dealers, who purchase these magazines from defendant in interstate commerce through orders directed to defendant at Greenwich, Connecticut. The independent dealers and contractors sell magazines published by other publishers and defendant has no control whatsoever over the business dealings of the independent contractors purchasing at wholesale from the defendant. The affiadvit states that the defendant does not through jobbers, brokers, or distributors sell, consign or lease by any means whatsoever tangible or intangible personal property to any firm or corporation in the State of Florida.

Through another affidavit the defendant states that articles appearing in "Startling Detective" are purchased from free lance independent writers and are not agents or employees of defendant.

In answers to interrogatories the defendant sets forth the names and addresses of seventeen independent wholesale distributors, who purchased the subject issue of "Startling Detective" magazine for resale on newsstands within the State of Florida.

In order to determine whether this Court has jurisdiction over the person of defendant, acquired through substituted service of process, it must first be determined if the defendant was "carrying on a business or a business venture" in the State of Florida. If not, then the question is whether in dealing through the news dealers in the State of Florida defendant was selling through "wholesalers or distributors" within the meaning of Florida Statutes thus giving effect to the conclusive presumption that defendant was carrying on a business or a business venture in the State of Florida.

■■ Florida Statutes, Section 47.16, F.S.A., provides a method of substituted service in lieu of personal service. One invoking the provisions of this statute carries the burden of presenting facts which clearly justify its applicability, for this statute is strictly construed. Strasser Construction Corp. v. Linn, 97 So.2d 458 (Fla.1957), citing Rorick v. Stilwell, 101 Fla. 4, 133 So. 609 (1931).

Each case must be resolved on the basis of the facts revealed by the record of the particular case. Mason v. Mason Products Co., 67 So.2d 762 (Fla.1953).

In construing statutes dealing with substituted service of process in other jurisdictions, the Courts have held that where local independent contractors purchase magazines from non-resident publishers for sale to retail news dealers, the nonresident publishers are not "doing business" within that state, so as to render themselves subject to substituted service of process under state statutes.

■ We must look to the acts of the persons sought to be served to determine whether their activities or the activities of persons within the state over which the publishers exercise some modicum of control are acts which constitute the doing of business within the state. See Cannon v. Time, Inc., 115 F.2d 423 (4th Cir., 1940); Schmidt v. Esquire, Inc., 210 F.2d 908 (7th Cir., 1954).

■ It is clear on the basis of the affidavits filed here that the news dealers were independent contractors acting for themselves in the purchase and sale of the subject publications. The news dealers here purchased the magazines through orders submitted to the defendant's office in Greenwich, Connecticut. The wholesale news dealers submitted payment to defendant at Greenwich, Connecticut. Pursuant to the orders received, defendant caused the magazines to be shipped from Louisville, Kentucky, by mail or by common carrier. The news dealers were therefore independent contractors, who received their magazines through shipments in interstate commerce, and none of defendant's activities can be related to activities within the State of Florida.

Nor can it be said that on the basis of the activities carried on by this defend-

ant that it was engaged in or carrying on a business venture in the State. In Berkman v. Ann Lewis Shops, Inc., 246 F.2d 44 (2nd Cir., 1957), the Court in construing the provisions of this statute held that a parent corporation of a wholly owned subsidiary, such subsidiary conducting or doing business within the State of Florida, was not amenable to process under Section 47.16. Recognizing the separate corporate structure, the Court distinguished the concept of carrying on a business from that of carrying on a business *venture*, describing the latter term as encompassing situations which are not the doing of business, but which still present the necessary minimum contacts with the State of Florida. See International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In the case here, there was no contact with the State of Florida. This Court must distinguish the separate entities, on one hand the independent news dealer who makes the purchases outside the state from the defendant who merely manufactures and ships pursuant to the order of the independent news dealer.

█ Unless it is clear that the defendant is acting through brokers, jobbers, wholesalers or distributors who sell to persons within the State, no conclusive presumption arises that defendant is carrying on or engaging in a business or business venture within the State. In New York Ladder & Bracket Company v. Eadie et al., 125 So.2d 915 (Fla.App. 1961), the Court held that since the affidavits showed that the defendant shipped goods on open account in interstate commerce from New York to Florida when ordered from a Florida corporation, the mere act of shipping goods to a single customer who was not a broker, jobber, wholesaler or distributor did not subject that defendant to the jurisdiction of the courts of the State.

█ This Court finds no authority in the Florida Statutes upon which to predicate a holding making every manufacturer whose goods are ultimately sold in Florida by independent stores, whether selling wholesale or distributing retail, amenable to substituted service of process in the courts of the State. Most merchants sell a great variety of products, many of which are manufactured in other states. In this context, then, every person selling within the State is to some extent a wholesaler or distributor of products of these out-of-state manufacturers, but this Court cannot give such broad construction to the words "wholesaler" and "distribtuor" as used in the statute.

Finally, since defendant had contact only with independent contractors, entities separate and unrelated to the defendant and to each other, the Court cannot find that this defendant was engaged in a business venture within the State of Florida subjecting it to service as attempted here.

Service quashed and complaint dismissed by appropriate order entered this date.