143 So.2d 364 (1962)
Claude E. FORSTON, d/b/a the Forston Company, Appellant,
v.
ATLANTIC ENGINEERING AND MANUFACTURING CORPORATION, a Florida Corporation, Appellee.
No. 2683.
District Court of Appeal of Florida. Second District.
July 11, 1962.
*365 Feibelman, Friedman, Hyman & Durant, Fort Lauderdale, for appellant.
Carl V. Wisner, Jr., Fort Lauderdale, for appellee.
WHITE, Judge.
Appellant Claude E. Forston, doing business individually as The Forston Company of Houston, Texas, suffered summary final judgment in the principal sum of $589.60 in favor of the plaintiff Atlantic Engineering and Manufacturing Corporation, a Florida corporation, the appellee herein. It is urged on appeal that jurisdiction had not been obtained and that otherwise there was no basis for an adjudication of liability.
The plaintiff corporation sued the said Claude E. Forston, a manufacturer, and Tamiami Trail Tours, Inc., a common carrier, to recover the purchase price paid by the plaintiff for a certain heat pump manufactured by Forston and transported to Florida by Tamiami Trail Tours, Inc. The plaintiff charges, in effect, that Forston had required full payment in Florida in advance of actual delivery of the transported pump and that the plaintiff, after paying the sight draft, unpacked the pump and discovered that it was damaged internally and was unusable.
Service of process upon Forston was had by substituted service upon the Secretary of State pursuant to Florida Statutes 47.16(1) F.S.A.[1] relating to constructive service. A default was entered against Forston but was set aside on motion to vacate. In granting the motion to vacate the trial court treated it as a motion to dismiss for lack of jurisdiction and, as such, denied it. By affidavit in support of Forston's motion it was asserted that said defendant had not engaged in any business venture in Florida within the meaning of the statute and that the service was inoperative to confer jurisdiction. Having so protested, Forston answered the complaint and denied liability. On the pleadings and *366 opposing affidavits the court found and assumed jurisdiction, but the jurisdictional point was properly preserved for appellate review. See State ex rel. Eli Lilly & Co. v. Shields, Fla. 1955, 83 So.2d 271; Fla. Rules Civil Procedure, Rule 1.11(b), 30 F.S.A.
The plaintiff moved for summary judgment against Forston and filed supporting affidavits of Cornell Tereck and Leo P. McKee as to liability, while defendant Claude E. Forston submitted his answer and personal affidavit in opposition to the motion. The trial court, as indicated, entered summary judgment against Forston in the principal sum of $589.60, being the price of the pump including freight charges, plus accrued interest and costs. The carrier, Tamiami Trail Tours, Inc., is not a party to this appeal.
The first question for our consideration is whether it was made to appear that Claude E. Forston engaged in a business venture in Florida within the meaning and intendment of Fla. Stat. 47.16(1) F.S.A., supra, thus subjecting himself to substituted service of process as provided in said section. The court concluded that the defendant did so engage in Florida business and we think the record discloses sufficient proof to sustain that conclusion. See Oxley v. Zmistowski, Fla.App. 1961, 128 So.2d 186; Continental Copper and Steel Industries, Inc. v. E.C. "Red" Cornelius, Inc., Fla.App. 1958, 104 So.2d 40, and other decisions hereinafter cited or discussed.
The affidavit of Claude E. Forston on the jurisdictional aspect of the case stated generally that he had not conducted any business venture in Florida and did not have an office or agency in said state and had not sold or consigned any property to any person, firm or corporation within said state, and that any sale made by him to any party in Florida was consummated outside the State of Florida.
The opposing affidavit of Robert J. Topping stated that affiant was an industrial engineer employed by the plaintiff and that Forston did have an agent in Florida, specifically one David C. Cunningham whose address is 9322 N.E. Sixth Avenue, Miami Shores, and whose telephone number is Plaza 7-7666; that the plaintiff had purchased merchandise from Forston over a period of years and that affiant had dealt with Forston through the said Cunningham in the placement of orders, the securing of engineering information, processing of complaints and requests for replacements and repairs and similar matters, and that in all such transactions the requirements of the plaintiff were met; and, further, that the invoices submitted by Forston to the plaintiff and also the invoices to another of Forston's Florida customers, Boye's Bottled Gas, Inc., included a box in the invoice form labeled "Salesman" in which were customarily typed the initials "D.C.C." and that such references were to the said David C. Cunningham.
This prerequsite of jurisdiction, as observed in other decisions somewhat analogous to the instant case, often poses a vexed question; but we think the authorities noted supra and hereinafter quoted and cited, justify the ruling that jurisdiction of the defendant Forston was properly effected. We inject here the comment that the affidavit of Forston was composed essentially of generalities and conclusions which did not adequately counter the specific statements of plaintiff's affiant and employee Robert J. Topping, detailing considerable Florida representation of said defendant by David C. Cunningham of Miami Shores.
This court recently decided the case of Woodring v. Crown Engineering Co. et al., Fla.App. 1962, 141 So.2d 816, and held in the circumstances there presented that the trial court had jurisdiction of the non-resident defendant by process under the statute here involved. We quote from the opinion by Chief Judge Shannon:
"In tracing the expansion of the doctrine enunciated in Pennoyer v. Neff, *367 the Supreme Court of the United States, speaking through Mr. Justice Black in McGee v. International Life Ins. Co., 1957, 355 U.S. [220] 221, 78 S.Ct. 199, 200, 2 L.Ed.2d 223, had this to say:
"`Since Pennoyer v. Neff, 5 Otto 714, 95 U.S. 714, 24 L.Ed. 565, this Court has held that the Due Process Clause of the Fourteenth Amendment places some limit on the power of state courts to enter binding judgments against persons not served with process within their boundaries. But just where this line of limitation falls has been the subject of prolific controversy particularly with respect to foreign corporations. In a continuing process of evolution this Court accepted and then abandoned "consent," "doing business," and "presence" as the standard for measuring the extent of state judicial power over such corporations. See Henderson, The Position of Foreign Corporations in America Constitutional Law, c. V. More recently in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, the Court decided that "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice'" Id., 326 U.S. at 316, 66 S.Ct. 158.

"`Looking back over this long history of litigation a trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporations and other non-residents. In part this is attributable to the fundamental transformation of our national economy over the years. Today many commercial transactions touch two or more States and may involve parties separated by the full continent. With this increasing nationalization of commerce has come a great increase in the amount of business conducted by mail across state lines. At the same time modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity.'
"That Florida is in accord with the above statement can be seen from the opinion in State ex rel. Guardian Credit Indem. Corp. v. Harrison, Fla. 1954, 74 So.2d 371, where Mr. Justice Hobson, in writing for the court, says:
"`The International Shoe doctrine adopts a test originally formulated by Judge Learned Hand in Hutchison v. Chase & Gilbert, 2 Cir., 45 F.2d 139, in making relevant an "`"estimate of the inconveniences" which would result to the corporation from a trial away from its `home' or principal place of business * * *"'", and it requires only that the corporation have such minimum contacts with the forum that the maintenance of suit against it there "does not offend `traditional notions of fair play and substantial justice.'"'. * * *" (Emphasis added.)
In the earlier case of Wm. E. Strasser Construction Corp. v. Linn, Fla. 1957, 97 So.2d 458, the Supreme Court of Florida, affirming jurisdiction, noted that each case must be resolved on the basis of the facts revealed by the record of the particular case. Meanwhile this court decided the case of Toffel v. Baugher, Fla.App. 1960, 125 So.2d 321, finding no jurisdiction, and the case of Oxley v. Zmistowski, Fla.App. 1961, 128 So.2d 186, finding that the trial court did have jurisdiction. In the latter case Chief Judge Allen discussed the general law on this subject and comprehensively reviewed pertinent Florida decisions.
We conclude, in view of the factual situation and in light of the authorities to which we have referred, that Claude E. *368 Forston had taken sufficient steps within the purview of Fla. Stat. 47.16(1) F.S.A. to establish a business venture in the State of Florida. We hold, therefore, that the trial court acquired jurisdiction.
We come now to consider the propriety of the summary judgment on the issue of liability. The affidavit of Cornell Tereck in support of the plaintiff's motion stated that while the carton containing the pump was still on the truck, plaintiff's agent noticed that the arrows indicating the correct manner of loading were not pointing in the proper direction and that affiant called this to the attention of the driver and asked him to note the circumstances on the freight bill; that the driver advised his office; that plaintiff's agent was informed that carrier would not permit a notation of possible internal damage but that the improper loading could be noted, and that such notation was made in affiant's presence by the driver. Said affidavit further stated:
"That several days later this affiant opened the carton and inspected the equipment; that he noticed oil exuding from within the equipment, removed the top, and noticed that the fan motor was loose within the equipment and that the damage to the compressor was the source of the exuding oil."
The counter-affidavit of Claude E. Forston stated that the pump was delivered to the carrier in perfect condition, undamaged and properly crated, and that if the pump was damaged such damage was caused by the carrier or by the negligence of the plaintiff after removal from the original carton. A like statement was also set forth in the defendant's answer.
We cannot agree that the summary exhibits were sufficient to resolve conclusively against Forston the issues of liability and quantum of damages. The plaintiff's motion sought judgment for the price of the pump not as against the carrier but against Forston. The trial court obviously concluded that the pump was unquestionably received by the plaintiff in a totally useless condition. Going further it might be assumed hypothetically that the court found from Forston's affidavit that the pump was delivered to the carrier in good condition, but this is speculative as there was no finding to that effect  or to the effect that the damage was caused by the carrier. Assuming further that such findings were implicit in the order and judgment, we think the factual and legal predicates for an adjudication of liability as against Forston would still be conjectural and indeterminate on such an abbreviated record.
The limitations on summary judgment have been often noted and should require little repetition.[2] Certainly the privilege of moving for summary judgment was not intended as a broad alternative method of trying cases; and yet the decisions are replete with reversals where this procedure was indiscriminately employed. Such resorts to summary procedure tend to retard rather than promote the administration of justice. This is especially true where the ultimate determination of liability vel non requires the advance determination of several material issues of law and fact which may be overlooked or lightly regarded in the peremptory atmosphere of an abridged proceeding.
Affirming as to jurisdiction, we reverse the judgment as to liability and assessment of damages and remand the cause for plenary hearing on those issues.
Affirmed in part and reversed in part.
ALLEN, Acting C.J., and SANDLER, HARRY N., Associate Judge, concur.
NOTES
[1] "47.16 (1) The acceptance by any person, or persons, individually, or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, shall be deemed equivalent to an appointment by such persons and foreign corporations of the secretary of state of the state as the agent of such persons or foreign corporations upon whom may be served all lawful process in any action, suit or proceeding against them, or either of them, arising out of any transaction or operation connected with or incidental to such business or business venture, and the acceptance of such privilege shall be signification of the agreement of such persons and foreign corporations that any such process against them or either of them, which is so served shall be of the same legal force and validity as if served personally on such persons or foreign corporations. Service of such process shall be in accordance with and in the same manner as now provided for service of process upon non-residents under the provision of § 47.30. Provided that if a foreign corporation has a resident agent in the state, service of process shall be had upon such resident agent as now provided by statute.
[2] Williams v. City of Lake City, Fla. 1953, 62 So.2d 732.