144 So.2d 512 (1962)
FAWCETT PUBLICATIONS, INC., a Delaware Corporation, Appellant,
v.
Virginia RAND, Appellee.
No. 62-268.
District Court of Appeal of Florida. Third District.
September 4, 1962.
Rehearing Denied September 20, 1962.
Jepeway & Gassen, Miami, for appellant.
Kelner & Lewis, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and BARKDULL, JJ.
HORTON, Judge.
Appellant, by this interlocutory appeal, seeks review of an order denying its motion to dismiss for lack of jurisdiction and to quash service of process as insufficient.
The appellant, a foreign corporation, was the defendant in an action at law instituted by the appellee in the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida. The complaint alleged, in substance, that the appellee had been libeled by articles appearing in two of the appellant's magazines. The appellee attempted service of process by serving the Secretary of State of the State of Florida, in accordance with the provisions of § 47.30, Fla. Stat., F.S.A., on the theory that the *513 appellant was "doing business" in this state as contemplated by § 47.16, Fla. Stat., F.S.A. The only allegation in the complaint relative to these matters was that the appellant, "a Delaware corporation, having no resident agent for service of process in the State of Florida," had been, "for a long period of time, actively doing business" in the State of Florida.
The appellant filed a motion to dismiss for lack of jurisdiction and to quash service of process as insufficient, alleging, in substance, that though the appellee relied on §§ 47.16 and 47.30, supra, she had not complied with their terms in that she had failed to allege or establish that a proper basis existed for service of process in this manner. Appellant further alleged that "at no time did the defendant, a foreign corporation, operate, conduct, engage in, or carry on a business or business venture in the State of Florida," or have any "office or agency" there, "or through brokers, jobbers, wholesalers or distributors sell, consign or lease, by any means whatsoever," property to any "person, firm or corporation in this state" within the meaning and intent of § 47.16, supra.
In support of its motion, appellant filed the affidavits of its general manager and editorial director. The affidavits set forth, inter alia, that the appellant is a Delaware corporation, with offices in Greenwich, Connecticut, which is not authorized to "do business" in Florida and does not "do business" in this state. It owns no property and has no office, agent or telephone listing in this state. Orders for the appellant's magazines are received in Greenwich from Florida wholesalers and distributors who are independent contractors, over whom the appellant can exercise not even a modicum of control, and who buy the magazines for resale to newsstands which in turn sell them to the general public. Appellant's publications are shipped to Florida in interstate commerce from Louisville, Kentucky, by common carrier and the United States mails.
In opposition to the motion, appellee filed the affidavit of her attorney to the effect that the appellant was and is engaged in selling tangible personal property to the general public in the State of Florida through brokers, jobbers and distributors.
After hearing, the trial court entered the order appealed denying the appellant's motion to dismiss and quash. The appellant contends this was error. We find this contention has merit.
The determinative question here is whether the defendant was amenable to substituted service of process under the provisions of § 47.16, Fla. Stat., F.S.A. We hold that it was not.
In answering a question of this kind, consideration must be accorded to the applicable provisions of Florida law as well as those provisions of federal law germane to such issues.
Historically, the jurisdiction of courts in personam was grounded on their de facto power over the defendant whose presence within the territorial jurisdiction of the court was a prerequisite to the rendition of a binding personal judgment. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. Since Pennoyer v. Neff, supra, the Supreme Court of the United States has always held that the Due Process Clause of the Fourteenth Amendment places some limit on the power of state courts to enter binding judgments against persons not served with process within their boundaries. Just where the line of limitation should be drawn with respect to foreign corporations has been the subject of prolific controversy. McGee v. International Life Ins. Co., 335 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. The transformation of our economy from one of newly expanding activities of migratory businesses to one of nationalized commerce with day to day transactions touching two or more states has been accompanied by a continuing process of evolution which has seen the Supreme Court of the United States accept and then abandon "consent," "doing business," and "presence" as the *514 standard for measuring the extent of state judicial power over foreign corporations. McGee v. International Life Ins. Co., supra; see also Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 73 S.Ct. 900, 97 L.Ed. 1331; and Henderson, The Position of Foreign Corporations in American Constitutional Law, Ch. V. The most recent development in this process is the minimum contacts standard applied by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, where it was held:
"* * * now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'"
Id. 326 U.S. 310, 316, 66 S.Ct. 154. The law of Florida is in accord with this view. See Forston v. Atlantic Engineering and Manufacturing, Inc., Fla.App. 1962, 143 So.2d 364; Woodring v. Crown Engineering Co., Fla.App. 1962, 141 So.2d 816; State ex rel. Guardian Credit Indem. Corp. v. Harrison, Fla. 1954, 74 So.2d 371.
Section 47.16(1), Fla. Stat., F.S.A., provides in effect that service of process may be obtained upon non-residents by service on the Secretary of State of the State of Florida as provided by § 47.30, Fla. Stat., F.S.A., where such non-residents "operate, conduct, engage in, or carry on a business or business venture," in this state. Section 47.16(2), Fla. Stat., F.S.A., provides:
"Any person, firm or corporation which through brokers, jobbers, wholesalers or distributors sells, consigns, or leases, by any means whatsoever, tangible or intangible personal property, to any person, firm or corporation in this state, shall be conclusively presumed to be operating, conducting, engaging in or carrying on a business or business venture in this state."

Since this statute provides a method of substituted service of process in lieu of personal service, it must be strictly construed, and one invoking its provisions has the burden of presenting a situation that clearly justifies its application. Toffel v. Baugher, Fla. App. 1960, 125 So.2d 321; Wm. E. Strasser Const. Corp. v. Linn, Fla. 1957, 97 So.2d 458; Rorick v. Stilwell, 101 Fla. 4, 133 So. 609. Each case must be resolved on the basis of the facts revealed by the record of the particular case. Toffel v. Baugher, supra; Mason v. Mason Products Company, Fla. 1953, 67 So.2d 762.
In order to authorize service under § 47.16(1), supra, upon the Secretary of State as provided by § 47.30, the party attempting to perfect such service must demonstrate either (1) that the foreign corporation has some degree of control over the personal property referred to in § 47.16(2), supra, in the hands of the "brokers, jobbers, wholesalers or distributors" selling or distributing the personal property in this State or (2) that the foreign corporation has some degree of control over the "brokers, jobbers, wholesalers or distributors" selling or distributing the personal property in this State.
The record in this case fails to disclose that the appellee has met the burden of presenting facts sufficient to justify the method of substituted service prescribed by §§ 47.16 and 47.30, supra.
Accordingly, the order appealed is reversed and the cause remanded with directions to grant the appellant's motion to dismiss and to quash the attempted service of process.
Reversed and remanded with directions.
*515 PEARSON, TILLMAN, Chief Judge (dissenting).
It is my view that the distribution of magazines to wholesalers who are expected to place them on stands for sale constitutes doing business in this State. Continental Copper & Steel Industries, Inc. v. E.C. "Red" Cornelius, Inc., Fla.App. 1958, 104 So.2d 40; Oxley v. Zmistowski, Fla.App. 1961, 128 So.2d 186.