166 So.2d 675 (1964)
COOKE-WAITE LABORATORIES, INC., a foreign corporation, Appellant,
v.
Michael NAPIER, a minor, by his next friend, Helen Napier, Appellee.
No. 4883.
District Court of Appeal of Florida. Second District.
August 5, 1964.
*676 Charles W. Abbott, of Maguire, Voorhis & Wells, Orlando, for appellant.
Walter Warren, Leesburg, for appellee.
SHANNON, Judge.
The appellant, defendant in the court below, brings this interlocutory appeal, contending that the lower court erred in denying its motion for summary judgment on the question of jurisdiction of the defendant.
The amended complaint filed by the appellee, plaintiff below, alleged that the defendant, a foreign corporation, was doing business in the State of Florida in that it was engaged in the manufacture of metal hypodermic needles for use by the dental profession (it appears that the defendant did not manufacture the needles, but sold the same), and that it sold to a Florida dentist a defective hypodermic needle which was used on the plaintiff. The plaintiff attempted to obtain service of process on the defendant in accord with Fla. Stat., Sec. 47.16, F.S.A., which provides that foreign corporations which do business in this state are deemed to have appointed the secretary of state as their agent for the purposes of receiving service of process. The defendant contends that it is not doing business in this state, and therefore is not amenable to service of process in this manner.
The evidence shows that the defendant corporation was organized under the laws of the State of Delaware, maintaining its home office and its principal place of business in New York; and that during the year of 1958 and at all times subsequent thereto, the said defendant did not have a license to do business in the State of Florida and was not operating, conducting, engaging in or carrying on a business or business venture within the State of Florida, nor did it have any officer or agent within the State of Florida. The affidavit further stated that at no time did the defendant corporation during 1958, or subsequently, sell, consign or lease any tangible or intangible property through brokers, jobbers, wholesalers or distributors in the State of Florida. The defendant's answers to interrogatories showed that during 1957 and 1958 it had purchased hypodermic needles from Everett Products, Inc., a non-resident of the State of Florida, and had in turn sold them to the L.M. Anderson Dental Supply Company, a Florida corporation, the said sales having taken place in New York and the hypodermic needles having been shipped f.o.b. various warehouses, none of which were located in the State of Florida. *677 Fla. Stat., Sec. 47.16(2), F.S.A., provides:
"Any person, firm or corporation which through brokers, jobbers, wholesalers or distributors sells, consigns, or leases by any means whatsoever, tangible or intangible personal property, to any person, firm or corporation in this state, shall be conclusively presumed to be operating, conducting, engaging in and carrying on a business or business venture in this state." (Emphasis added).
Fawcett Publications, Inc. v. Rand, Fla. App. 1962, 144 So.2d 512, involved facts quite similar to the present case. In a libel action the plaintiff attempted service of process on the non-resident defendant in accordance with Fla. Stat., Sec. 47.16, F.S.A. In support of its motion to dismiss for lack of jurisdiction, the defendant filed affidavits stating that it was not authorized to do business in Florida, and that it had no office, agent or property in Florida. The defendant further stated that it received orders in Greenwich, Connecticut, from wholesalers in Florida and that it shipped the publications from Louisville, Kentucky, by common carrier and the United States mails. The defendant exercised no control over the wholesalers who sold the magazines to newstands. In holding that there was no jurisdiction over the defendant the court stated:
"In order to authorize service under § 47.16(1), supra, upon the Secretary of State as provided by § 47.30, the party attempting to perfect such service must demonstrate either (1) that the foreign corporation has some degree of control over the personal property referred to in § 47.16(2), supra, in the hands of the `brokers, jobbers, wholesalers or distributors' selling or distributing the personal property in this State or (2) that the foreign corporation has some degree of control over the `brokers, jobbers, wholesalers or distributors' selling or distributing the personal property in this State.
"The record in this case fails to disclose that the appellee has met the burden of presenting facts sufficient to justify the method of substituted service prescribed by §§ 47.16 and 47.30, supra."
In the Rand case, supra, Judge Horton refers to International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, the most recent case in the Supreme Court of the United States concerning this subject. The Supreme Court stated in the International Shoe Co. case, supra:
"* * * [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'"
Judge Horton then cites Forston v. Atlantic Engineering and Manufacturing, Inc., Fla. App. 1962, 143 So.2d 364; Woodring v. Crown Engineering Co., Fla.App. 1962, 141 So.2d 816; and State ex rel. Guardian Credit Indem. Corp. v. Harrison, Fla. 1954, 74 So.2d 371, as Florida cases which are in accord with the International Shoe Co. case, supra.
In Fawcett Publications, Inc. v. Brown, Fla.App. 1962, 146 So.2d 899, this court adopted the statements of law set forth by Judge Horton in the Rand case, supra.
In Jenkins v. Fawcett Publications, Inc., (N.D. of Fla. 1962), 204 F. Supp. 361, District Judge Carswell says, in part:
"This Court finds no authority in the Florida Statutes upon which to predicate a holding making every manufacturer whose goods are ultimately sold in Florida by independent stores, whether selling wholesale or distributing retail, amenable to substituted service of process in the courts of the State. Most merchants sell a great *678 variety of products, many of which are manufactured in other states. In this context, then, every person selling within the State is to some extent a wholesaler or distributor of products of these out-of-state manufacturers, but this Court cannot give such broad construction to the words `wholesaler' and `distributor' as used in the statute."
In the case on review the hypodermic needles were sold in New York and were shipped f.o.b. warehouses none of which were located in Florida. The defendant exercised no control over the needles or over the wholesalers subsequent to the sale. Keeping in mind then that we must construe the Florida statute strictly, we cannot say that this defendant was amenable to the substituted service of process as was attempted.
Reversed.
SMITH, C.J., and ANDREWS, J., concur.