181 So.2d 195 (1965)
Charles DiGIOVANNI, Appellant,
v.
George GITTELSON, M.D., and Center Laboratories, Inc., a foreign corporation, jointly and severally, Appellees.
No. 65-461.
District Court of Appeal of Florida. Third District.
December 14, 1965.
Rehearing Denied January 11, 1966.
*196 Miller, Miller & Barkas, Miami, for appellant.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Fowler, White, Gillen, Humkey & Trenam, Miami, for appellees.
Before HENDRY, C.J., and TILLMAN PEARSON and SWANN, JJ.
HENDRY, Chief Judge.
Plaintiff, Charles DiGiovanni, by this interlocutory appeal, seeks to reverse an order of the trial court granting co-defendant's, Center Laboratories, Inc., motion to dismiss for lack of jurisdiction.
The main question for determination is whether Center Laboratories was subject to substituted service of process under § 47.16, Fla. Stat., F.S.A.
Co-defendant, Dr. George Gittelson, read in medical literature concerned with allergies, reports on a new anti-allergenic drug known as Daroil. Daroil, an investigative drug, is manufactured by Center Laboratories, Inc., a foreign corporation. Dr. Gittelson learned that Dr. Ethan Allen Brown of Boston, Mass. periodically instructed physicians in the use of this medicament and that he tested their ability to use the drug. Dr. Gittelson, being desirous of observing its use and exploring possibilities of using the drug in his own practice, attended instructions given by Dr. Brown in Boston. Thereafter, Dr. Gittelson wrote Center Laboratories about purchasing the drug and asked Dr. Brown to write to Center Laboratories concerning his qualifications to use Daroil. Center Laboratories requested Dr. Gittelson to execute and return certain "Investigator's Forms" which had to be completed before he could be furnished any material. The drug was then sent to Dr. Gittelson with instructions relative to the drug's use and the keeping and recording of clinical data as required by Federal Law in connection with any drug which is in the investigative stage. There is correspondence from Center Laboratories to Dr. Gittelson setting a time limit within which the data had to be furnished and advising him that further shipments of the drug would be withheld if the information was not furnished. Dr. Gittelson received a monthly bill for the material used.
The drug was administered to the plaintiff by Dr. Gittelson with resulting injurious effects. The plaintiff brought an action against Center Laboratories alleging that by virtue of its selection of the co-defendant, Dr. Gittelson, it was negligent in that Dr. Gittelson, inter alia, did not possess the qualifications of a clinician to properly administer Daroil; that he was not qualified to realize the foreseeable side effect of the drug's administration, and failed to fully inform the plaintiff of Daroil's investigational status.
Plaintiff attempted service of process on Center Laboratories by serving the Secretary *197 of State of the State of Florida in accordance with the provisions of § 47.30, Fla. Stat., F.S.A., on the theory that the co-defendant was "engaging in business" in this state as contemplated by § 47.16, Fla. Stat., F.S.A.
Center Laboratories filed its motion to dismiss supported by an affidavit, challenging the court's jurisdiction over it. In its affidavit Center Laboratories alleged that it is a corporation organized and existing under the laws of the State of New York and does no business in Florida, that it has no agent or sales personnel in Florida and does not advertise in the State. Further, it does not sell, consign or lease by any means whatsoever personal property which it manufactures to any firm or corporation in Florida through brokers, jobbers, wholesalers or distributors. It is further set forth that Dr. Gittelson is a physician engaged in private practice who administers to patients who are in no way connected with or sent to him by Center Laboratories and the fact that reports are required in the case of Daroil in no way alters the relationship between Center Laboratories and the physician.
The motion to dismiss was granted and the complaint was dismissed as to Center Laboratories for lack of jurisdiction over the person.
Section 47.16, Fla. Stat., F.S.A. was amended in 1957 (Laws 1957, Chapter 57-747) and the effect was to broaden the scope and widen the concept of state jurisdiction over foreign corporations.[1]
The case of Fawcett Publications, Inc. v. Rand[2] determined the question of amenability to substituted service of process under the provision of § 47.16, supra, as amended.
We find that the law set forth in that case relating to §§ 47.16 and 47.30, supra, is determinative of the issue in this action. The principle of law enunciated in the case above is that a foreign corporation is doing business in this state for the purpose of § 47.16, supra, if it has some degree of control over the personal property in the hands of the "brokers, jobbers, wholesalers, or distributors," or has some degree of control over the "brokers, jobbers wholesalers, or distributors" selling or distributing the personal property in this state. The application of this principle must be governed by the factual situation presented by a particular record.[3]
In the Fawcett case,[4] the court found that the appellant could exercise "not even a modicum of control" over those to whom it shipped its magazine, and therefore held that the facts were insufficient to justify the method of substituted service prescribed by §§ 47.16 and 47.30, supra. In following cases the courts have denied the use of substituted service after finding "no control",[5] and insufficient evidence to establish control or "even a modicum of control over its products;"[6] however, the use of substituted service was affirmed when it was found that a "degree of control" was exercised.[7]
The facts in this case reveal that Center Laboratories thoroughly examined Dr. Gittelson's qualifications prior to selling the drug to him. After furnishing the drug Center Laboratories required the physician to keep and report clinical data *198 concerning the application and effects of the drug. Center Laboratories insisted that the data be transmitted within a specific time or else further shipment of the drug would be withheld.
We find from the facts presented that Center Laboratories did exercise control over the drug which it sold to Dr. Gittelson and which was subsequently administered to the plaintiff. We hold that these facts are sufficient to justify the method of substituted service prescribed by §§ 47.16, 47.30, supra.
Center Laboratories asserted various other reasons why the substituted service should be found improper all of which we find to be without merit.
Accordingly, the order dismissing the complaint is reversed and the cause remanded for further proceedings.
Reversed and remanded.
NOTES
[1] Deere & Company v. Watts, Fla.App. 1963, 148 So.2d 529.
[2] Fla.App. 1962, 144 So.2d 512.
[3] Wm. E. Strasser Construction Corp. v. Linn, Fla. 1957, 97 So.2d 458; Mason v. Mason Products Co., Fla. 1953, 67 So.2d 762.
[4] Fawcett Publications, Inc. v. Rand, Supra, Note 2.
[5] Cooke-Waite Laboratories, Inc. v. Napier, Fla.App. 1964, 166 So.2d 675.
[6] Young Spring & Wire Corp. v. Smith, Fla. 1965, 176 So.2d 903.
[7] Deere & Company v. Watts, supra, Note 1.