Leroy E. TALCOTT, Jr., and Donald Andrus, Plaintiffs-Appellants,

v.

MIDNIGHT PUBLISHING CORPORATION, Defendant-Appellee.

No. 29091
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 22, 1970.

Publishing Corporation (Midnight), a Delaware corporation whose principal place of business is in Montreal, Canada. The sole question is the propriety of the District Court's order granting Midnight's motion to dismiss for lack of in personam jurisdiction under Florida's Long Arm Statute, F.S.A. § 48.181. We agree with the conclusion implicit in the District Court's order that plaintiffs failed to meet their burden[1] of showing that Midnight was "engaging or carrying on a business venture" in Florida within the statute and affirm.[2]

The affidavits filed show that Midnight is not and never has been qualified or authorized to do business in Florida, owns no property in Florida, has no office or telephone listing in Florida and is not physically present in Florida in any way. Midnight's tabloid newspaper in which the alleged libel appeared is printed in Montreal, Canada. It is then sold to a Canadian distributor who, in turn, sends the publication to New York, where it is again shipped by common carrier or through the mail to independent wholesalers and dealers throughout the United States. One of those wholesalers is Sunshine State News Company located in Dade County, Florida. Sunshine handles approximately 1,100 issues of Midnight's publication each week and distributes them to about 50 different retail stores and newsstands.

Plaintiffs argued in the District Court that Midnight came within Section 48.181(3), which provides that a non-resident corporation shall "be conclusively presumed to be operating, conducting, engaging in or carrying on a business venture in" Florida if it "sells, consigns, or leases by any means whatsoever tangible or intangible personal property, through * * * wholesalers

Charles F. Mills, Miami, Fla., for plaintiffs-appellants.

Abraham H. Shukat, Miami Beach, Fla., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM.

Plaintiffs brought this diversity action for libel against Midnight

---

1. A party seeking the benefit of substituted service of process under Florida's Long Arm Statute has the burden of clearly showing that the situation presented justifies application of the statute. E. g., Jenkins v. Fawcett Publications, Inc., N.D.Fla.1962, 204 F.Supp. 361;

Young Spring & Wire Corp. v. Smith, Fla.1965, 176 So.2d 903; Wm. E. Strasser Construction Corp. v. Linn, Fla.1957, 97 So.2d 458.

2. Pursuant to our Rule 18 this case is decided without oral argument.

or distributors to" people in Florida. The District Court rejected the argument, relying on Fawcett Publications, Inc. v. Rand, Fla.Dist.Ct.App.1962, 144 So.2d 512, which, on nearly identical facts, held that the shipment by a foreign corporation of magazines to independent contractors in Florida did not subject the foreign publisher to long arm jurisdiction unless the foreign corporation has some degree of control over the wholesalers or distributors who are selling the property in Florida or over the property in their hands. Accord, Deere & Company v. Watts, Fla.Dist.Ct. App.1963, 148 So.2d 529, 531.

Plaintiffs' primary contention on appeal is that *Fawcett* can no longer be regarded as the law in Florida because of (1) a subsequent amendment to the Long Arm Statute and (2) a subsequent case decided by the Supreme Court of Florida, DeVaney v. Rumsch, Fla.1969, 228 So.2d 904, which plaintiffs read as broadening the application of Section 48.181. We think *Fawcett* is alive and well in Florida.

The changes in former Section 47.16 in effect at the time *Fawcett* was decided and present Section 48.181, insofar as the issue in the instant case is concerned, are changes in phraseology only. We find no change in substance. [Former Section 47.16 and Section 48.-181 are set out in full in the Appendix.] And even assuming *arguendo* that, in the context in which it arose, *DeVaney* does show an intent to broaden coverage of the Long Arm Statute, *DeVaney* was concerned only with whether people practicing a "profession" were "engaging in business" within the meaning of the statute and not with the extent of activity in the state or exercise of control over wholesalers and distributors in the state.

We have considered the other contentions raised by plaintiffs and find them without merit.

Affirmed.

## APPENDIX

47.16 *Service of process upon nonresident engaging in business in state.*—

(1) The acceptance by any person or persons, individually, or associated together as a copartnership or any other form or type of association, who are residents of any other state or county, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, shall be deemed equivalent to an appointment by such persons and foreign corporations of the state as the agent of such person or foreign corporations upon whom may be served all lawful process in any action, suit or proceeding, against them or either of them, arising out of any transaction or operation connected with or incidental to such business or business venture, and the acceptance of such privilege shall be signification of the agreement of such persons and foreign corporations that any such process against them or either of them, which is so served shall be of the same legal force and validity as if served personally on such persons or foreign corporations. Service of such process shall be in accordance with and in the same manner as now provided for service of process upon nonresidents under the provision of Sec. 47.30. Provided that if a foreign corporation has a resident agent in the state, service of process shall be had upon such resident agent as now provided by statute.

(2) Any person, firm or corporation which, through brokers, jobbers, wholesalers or distributors, sells, consigns, or leases, by any means whatsoever, tangible or intangible personal property, to any person, firm or corporation in this state, shall be conclusively presumed to be operating, conducting, engaging in or

**1280**

carrying on a business or business venture in this state.

\* \* \* \* \* \*

48.181 *Service on nonresident engaging in business in state.*—

(1) The acceptance by any person or persons, individually, or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the secretary of state of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.

(2) If a foreign corporation has a resident agent or officer in the state, process shall be served on the resident agent or officer.

(3) Any person, firm or corporation which sells, consigns, or leases by any means whatsoever tangible or intangible personal property, through brokers, jobbers, wholesalers or distributors to any person, firm or corporation in this state shall be conclusively presumed to be operating, conducting, engaging in or carrying on a business venture in this state.