314 So.2d 561 (1975)
David F. DINSMORE et al., Petitioners,
v.
MARTIN BLUMENTHAL ASSOCIATES, INC., Respondent.
No. 45191.
Supreme Court of Florida.
May 21, 1975.
Rehearing Denied July 17, 1975.
*563 Dwight Sullivan of McCarthy, Steel, Hector & Davis, Miami, for petitioners.
David Bercuson of Porter, Treister, Donsky & Stewart, Miami, for respondent.
ADKINS, Chief Justice:
Certiorari was granted in this cause to review a decision of the District Court of Appeal, Third District, 289 So.2d 481 (Fla.App. 1974), on the ground of direct conflict with Lyster v. Round, 276 So.2d 186 (Fla.1st DCA 1973); Compuguide Corp. v. Sachs, 259 So.2d 513 (Fla.3d DCA 1972); Hayes v. Greenwald, 149 So.2d 586 (Fla.3d DCA 1963).
Respondent (hereinafter referred to as plaintiff), a Florida corporation, brought suit against petitioners (hereinafter referred to as defendants), all non-residents of Florida, to recover a brokerage commission resulting from an exchange of stock of the D.J. Dinsmore Company, a South Dakota corporation, for stock in Jim Walter Corporation, a Florida corporation. Plaintiff's president allegedly traveled to South Dakota in 1972 to discuss the stock transfer with defendants; the transaction was then closed in Chicago some six months later. On only one occasion did any of the defendants come to Florida for a meeting with officers of Jim Walter Corporation. The instant suit was instituted in Dade County with substitute service of process brought pursuant to the "long-arm statute".
The trial judge dismissed the complaint upon a finding that the defendants did not have the minimal contacts in Florida sufficient to subject them to substitute service. The District Court of Appeal, Third District, reversed relying upon § 48.181, Fla. Stat., which provides:
"48.181 Service on nonresident engaging in business in state
(1) The acceptance by any person or persons, individually, or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the secretary of state of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.
(2) If a foreign corporation has a resident agent or officer in the state, process shall be served on the resident agent or officer.
(3) Any person, firm or corporation which sells, consigns, or leases by any means whatsoever tangible or intangible personal property, through brokers, jobbers, wholesalers or distributors to any person, firm or corporation in this state shall be conclusively presumed to be operating, conducting, engaging in or carrying on a business venture in this state."
*564 In order to determine whether jurisdiction can be acquired over the nonresident defendants pursuant to Fla. Stat. § 48.191(1), it is necessary to determine whether the individual or corporate defendant, was carrying on a business or business venture in this State. The activities of the person sought to be served pursuant to Fla. Stat. § 48.181(1) must be considered collectively and show a general course of business activity in the State for pecuniary benefit. DeVaney v. Rumsch, 228 So.2d 904 (Fla. 1969). A nonresident defendant, which engages the services of brokers, jobbers, wholesalers or distributors, can be doing business in this State pursuant to Fla. Stat. § 48.181(1) if the nonresident defendant, through brokers, jobbers, wholesalers or distributors was engaged in a course of conduct in Florida for the purpose of realizing a pecuniary benefit. Even if the activities of the defendant were not sufficient to constitute a business or business venture pursuant to Fla. Stat. § 48.181(1), jurisdiction over the person of a defendant can still be acquired under Fla. Stat. § 48.181(3) if such defendant sells, consigns or leases within this State personal property through brokers, jobbers, wholesalers or distributors. If Fla. Stat. § 48.181(3) is complied with, even a single sale, consignment or lease raises a conclusive presumption that the defendant is operating, conducting, engaging in or carrying on a business venture in this State. Thus, a defendant may be carrying on a business venture pursuant to Fla. Stat. § 48.181(3), although that defendant is not carrying on a business or business venture pursuant to Fla. Stat. § 48.181(1). The method of service under Fla. Stat. § 48.181 (3) is identical to that explained under Fla. Stat. § 48.181(1).
Turning now to the applicability of Fla. Stat. § 48.181(1), the plaintiff failed to show that the defendant was conducting a general course of business activity in this State. The mere giving of a listing to a business brokerage firm which does business in Florida by a nonresident to sell stock in a foreign corporation does not indicate a general course of business activity in this State. See, Hayes v. Greenwald, 149 So.2d 586 (Fla.3d DCA 1963). The record does not reflect any acts taken by the plaintiff in this State on behalf of the defendants. We do not hold that plaintiff cannot, by appropriate proof, meet its burden to show applicability of Fla. Stat. § 48.181(1). We merely hold that plaintiff has failed to do so. Upon a proper showing, plaintiff should be afforded a further opportunity to attempt service pursuant to Fla. Stat. § 48.181(1).
Fla. Stat. § 48.181(3) applies only if a nonresident person, firm or corporation "sells, consigns, or leases by any means whatsoever tangible or intangible personal property ...". Defendants contend that the personal property, to-wit: the stock, was exchanged, not sold, and therefore Fla. Stat. § 48.181(3) cannot be used to acquire jurisdiction over the defendants. Reference to the preamble (Laws, 1957, Ch. 57-747) reflects that the purpose of the act was to protect any person, firm or corporation "furnished" in this State either directly or indirectly with personal property from any nonresident person, firm or corporation. Based on the statement of legislative intent in the preamble, we reject defendant's contention that "exchange" does not fall within the ambit of "sells, consigns, or leases by any means whatsoever ...".
In addition to requiring defendant to be a nonresident person selling intangible personal property, Fla. Stat. § 48.181(3) also requires the sale to be "through brokers, jobbers, wholesalers or distributors ...". This requirement was first interpreted in Fawcett Publications, Inc. v. Rand, 144 So.2d 512 (Fla.3d DCA 1962), wherein the plaintiff attempted to obtain service of process under Fla. Stat. § 47.16 (now Fla. Stat. § 48.181) on a foreign corporation which published magazines and sold them to independent contractors in Florida, *565 which sold the magazines to newsstands, which in turn sold them to the general public. In the holding that there was no jurisdiction over the defendant publishing company, the court stated:
"In order to authorize service under § 47.16(1) [now § 48.181(1)], upon the Secretary of State as provided by § 47.30 [now § 48.161], the party attempting to perfect such service must demonstrate either (1) that the foreign corporation has some degree of control over the personal property referred to in § 47.16(2) [now § 48.181(3)] supra, in the hands of the `brokers, jobbers, wholesalers or distributors' selling or distributing the personal property in this State or (2) that the foreign corporation has some degree of control over the `brokers, jobbers, wholesalers or distributors' selling or distributing the personal property in this State."
In Fawcett Publications, Inc. v. Brown, 146 So.2d 899 (Fla.2d DCA 1962), the Second District adopted the statement of law set forth in Fawcett Publications v. Rand, supra.
In Jenkins v. Fawcett Publications, Inc., 204 F. Supp. 361 (N.D.Fla. 1962), Federal District Court Judge Carswell said that:
"This Court finds no authority in the Florida statutes upon which to predicate a holding making every manufacturer whose goods are ultimately sold in Florida by independent stores, whether selling wholesale or distributing retail, amenable to substituted service of process in the courts of the State. Most merchants sell a great variety of products, many of which are manufactured in other states. In this context, then, every person selling within the State is to some extent a wholesaler or distributor of products of these out-of-state manufacturers, but this court cannot give such broad construction to the words `wholesaler' and `distributor' as used in the statute."
Where a Delaware corporation which had purchased hypodermic needles from a nonresident of Florida and had in turn sold them to a Florida wholesaler, the said sales having taken place in New York and the hypodermic needles having been shipped F.O.B. various warehouses, none of which was located in Florida, the Second District Court of Appeal held that the foreign corporation was not amenable to substituted service of process pursuant to Fla. Stat. § 47.16(1) and (2) since it exercised no control over the needles or the wholesalers subsequent to the sale. Cook-Waite Lab, Inc. v. Napier, 166 So.2d 675 (Fla.2d DCA 1964).
A Canadian newspaper publisher sold newspapers to a Canadian distributor who sent the publications to New York where they were sent by common carrier or mail to independent wholesalers or dealers throughout the United States, one of which was located in Florida. In holding that the Canadian newspaper publisher was not amenable to substitute service or process in Florida under Fla. Stat. § 48.181(3) because it had not been shown that the defendant had some degree of control over the wholesalers or distributors who were selling the property in Florida or over the property in their hands, the Fifth Circuit Court of Appeals in Talcott v. Midnight Publishing Corp., 427 F.2d 1277 (1970) stated:
"Plaintiffs' primary contention on appeal is that Fawcett can no longer be regarded as the law in Florida because of (1) a subsequent amendment to the Long Arm Statute and (2) a subsequent case decided by the Supreme Court of Florida, DeVanney v. Rumsch, Fla. 1969, 228 So.2d 904, which plaintiffs read as broadening the application of Section 48.181. We think Fawcett is alive and well in Florida.
"The changes in former Section 47.16 in effect at the time Fawcett was decided and present Section 48.181, insofar as the issue in the instant case is concerned, *566 are changes in phraseology only. We find no change in substance. And even assuming arguendo that, in the context in which it arose, DeVaney does show an intent to broaden coverage of the Long Arm Statute, DeVaney was concerned only with whether people practicing a `profession' were `engaging in business' within the meaning of the statute and not with the extent of activity in the state or exercise of control over wholesalers and distributors in the state."
Even though this Court has not expressly adopted the views in the cases cited herein, such views have been the established law in this State. We adopt these views and refuse to expand the meaning of Fla. Stat. § 48.181(3). Furthermore, we hold that the requisite control, as explained herein, is also applicable to § 48.181(1), where the nonresident is doing business through brokers, jobbers, wholesalers or distributors. Applying the established interpretation of Fla. Stat. § 48.181(3) to the facts in the case at bar, the plaintiff must carry the burden of showing that the defendant has some degree of control over the plaintiff broker or control over the stock in the hands of the broker. Unless this is done, Fla. Stat. § 48.181(3) cannot be relied upon to acquire jurisdiction over the defendant. Since a listing was allegedly given to the broker by the defendants, we hold that the requisite control over the broker has been shown. Unlike the distribution of magazines, newspapers or needles to distributors wherein control over the distributor is severed at the time of distribution, the giving of a listing to a broker does not sever the seller's control of the listing agreement with the broker. By retaining ownership of the property, the seller can change or cancel the listing, even though such action may result in further litigation. Therefore, the requirement that the business be conducted "through a broker" has been satisfied.
The final requirement of Fla. Stat. § 48.181(3) is that property be sold, leased or consigned to any "person, firm or corporation in this state". Since the recipient of the stock of the foreign corporation was a corporation incorporated in Florida, plaintiff argues that the final requirement has been satisfied. The gist of plaintiff's argument is that the residence of the purchaser is determinative of the question of whether defendant is selling property to a person or corporation in this State. Under the plaintiff's interpretation of Fla. Stat. § 48.181(3), a person in California who sells personal property through a broker in California to a person vacationing in California will be susceptible to jurisdiction in Florida if the vacationer happens to be a Florida resident. Such an interpretation would render the statute unconstitutional.
Cases from the District Courts of Appeal and Federal courts have been cited by the parties for the proposition that if the brokers, jobbers, wholesalers or distributors are doing business under § 48.181(1), and the nonresident defendant has control over the brokers, jobbers, wholesalers or distributors, then the nonresident is doing business in Florida under Fla. Stat. § 48.181(3). The facts in the case at bar illustrate the fallacy of such an argument. In this case, the broker is a business broker in Florida doing business under § 48.181(1), and the nonresident defendant has control over the broker; however, no facts were presented to show that the business conducted by the broker in Florida was conducted for the benefit of the nonresident defendant, as opposed to other clients of the broker. It would offend due process for us to hold that the nonresident defendant is doing business in Florida by virtue of the fact that the broker to whom the nonresident defendant gave a listing, does business for various clients in this State. If such were our holding then every nonresident who gives a listing to a broker licensed to do business in Florida, would *567 also be doing business in Florida, even though the broker's activities for the nonresident may take place entirely outside this State, and the personal property was never within this State.
A long-arm statute is unconstitutional unless it is interpreted in a manner that requires a showing of minimal contacts sufficient to meet due process requirements. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The minimum contacts referred to are the minimum contacts of the nonresident defendant to the state wherein the plaintiff brings the action. Whether a nonresident is selling, leasing or consigning personal property through brokers, jobbers, wholesalers or distributors "to a person in this state" depends on whether a sale, lease or consignment occurs in this State, and not the residence of the purchaser, lessee or consignee. If property is sold in another state to a Florida resident, then the sale was not made to a person in this State. Property can be sold, leased or consigned to a person in this State only if the sale, lease or consignment takes place in this State. The general rules of the law of contracts control the determination as to the place of sale, lease or consignment. Since the exchange agreement was executed in Illinois, and the closing took place in Illinois, Fla. Stat. § 48.181(3) cannot be utilized to acquire jurisdiction over the defendants.
Accordingly, the decision sub judice is quashed and this cause is remanded to the District Court of Appeal.
It is so ordered.
ROBERTS, McCAIN, DREW[*] (Retired) and DEKLE (Retired), JJ., concur.
BOYD and OVERTON, JJ., dissent.
NOTES
[*] DREW (Retired), J., did not hear arguments but participated in decision.