388 So.2d 1090 (1980)
NATIONAL LEAGUE FOR NURSING, Division of Measurement Testing Service, Appellant,
v.
Terry Ann BLUESTONE, Appellee.
No. 79-2401.
District Court of Appeal of Florida, Third District.
October 7, 1980.
*1091 Walton, Lantaff, Schroeder & Carson and George W. Chesrow, Miami, for appellant.
Lida & Krasnow and Mark Krasnow, Miami, for appellee.
Before HUBBART, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
This is an appeal by the National League for Nursing, the defendant below, from a non-final order denying its motion to dismiss for lack of jurisdiction over the person and for insufficiency of service of process. We have jurisdiction. Fla.R.App.P. 9.130(a) (3)(C)(i).
We reverse the order of the trial court upon a holding that (1) substituted service of process under Section 48.181, Florida Statutes (1979), utilized in the present case by the plaintiff, was not authorized where Bluestone's complaint was devoid of allegations that the defendant is not a resident of Florida and that the cause of action arises from the defendant's activities conducted in this state, Esberger v. First Florida Business Consultants, Inc., 338 So.2d 561 (Fla. 2d DCA 1976); (2) if, arguendo, Bluestone's pleading had been sufficient to make Section 48.181, Florida Statutes (1979), applicable ab initio, shifting the burden to the defendant to show, by prima facie proof, its inapplicability, Electro Engineering Products Co., Inc. v. Lewis, 352 So.2d 862 (Fla. 1977), the defendant made the required showing which was not overcome by the plaintiff, see American Baseball Cap, Inc. v. Duzinski, 359 So.2d 483 (Fla. 1st DCA 1978); Fawcett Publications, Inc. v. Rand, 144 So.2d 512 (Fla. 3d DCA 1962); and (3) Bluestone's reliance on several provisions of Section 48.193, Florida Statutes (1979), to show jurisdiction is unavailing since (a) a party invoking this long-arm statute must effect personal service upon the defendant pursuant to Section 48.194, Florida Statutes (1979), Bradford White Corp. v. Aetna Insurance Company, 372 So.2d 994 (Fla. 3d DCA 1979), and (b) the complaint fails to allege sufficient jurisdictional facts justifying the invocation of Section 48.193, Florida Statutes (1979), Electro Engineering Products Co., Inc. v. Lewis, supra.
Reversed.