WENTWORTH, Judge.
Appellant seeks review, of an order awarding appellee indemnification after appellant’s motion to dismiss for lack of personal jurisdiction was denied. We find that the trial court properly denied appellant’s motion to dismiss, and we affirm the order appealed.
Appellant is a foreign corporation which manufactures feed processing equipment, and which initiated contact with appellee by personal mail solicitation within Florida. After the parties exchanged further correspondence appellee traveled to Iowa where he entered into a purchase contract for a feed pelletizer. Although the sale was made F.O.B. Iowa, appellant effected delivery of the pelletizer to appellee in Florida. Appellant thereafter sent various repair parts by mail to appellee in Florida, and on one occasion appellant’s representative personally contacted appellee in Florida in an attempt to resolve problems with the machine’s performance. Appellee eventually filed a third party action against appellant, alleging a breach of warranty, and appellant moved to dismiss for lack of personal jurisdiction.
Section 48.181(1), Florida Statutes, provides for substituted service of process[1] and the attachment of jurisdiction with regard to nonresident defendants upon:
The acceptance by ... foreign corporations ... of the privilege extended by law to non-residents and others to operate, conduct, engage in, or carry on a business or business venture in the state

In applying § 48.181(1) the courts have routinely focused on whether there exists a general course of business activity for pecuniary gain within the state. See e.g., Dinsmore v. Martin Blumenthal Assoc. Inc., 314 So.2d 561 (Fla.1975); DeVaney v. Rumsch, 228 So.2d 904 (Fla.1969); Lyster v. Round, 276 So.2d 186 (Fla. 1st DCA 1973). But § 48.181(1) also expressly applies to foreign corporations which “engage in ... a ... business venture in the state,” and as the Florida Supreme Court has indicated, in State v. Register, 67 So.2d 619 (Fla.1953):
There is a vast difference between the words ‘a business’ and the words ‘business venture’ .... One may engage in a ‘business venture’ without operating, conducting, engaging in, or carrying on ‘a business.’
In Register the court found that the purchase and subsequent listing for sale of a Florida citrus grove was a “business venture” which conferred personal jurisdiction over the nonresident defendant. Compare Woodring v. Crown Engineering Co., 141 So.2d 816 (Fla. 2d DCA 1962). The present case likewise contains sufficient factors so as to establish a “business venture” in Florida within the purview of § 48.181(1). The jurisdictional requirements of § 48.-181(1) being thus satisfied, the trial court did not err in determining that personal jurisdiction was established and accordingly denying appellant’s motion to dismiss. The order appealed is affirmed.
ERVIN and BOOTH, JJ., concur.

. While § 48.193(l)(f)2, Florida Statutes, provides for jurisdiction over nonresident manufacturers of products which are used and result in injury within Florida, this statute has been held to require personal service of process. See e.g., National League for Nursing v. Bluestone, 388 So.2d 1090 (Fla. 3d DCA 1980); Bradford White Corp. v. Aetna Ins. Co., 372 So.2d 994 (Fla. 3d DCA 1979). In the present case the parties rely solely upon § 48.181(1).