PER CURIAM.
This is an appeal of the lower court’s nonfinal order denying a motion to quash service of process. We reverse, finding that personal jurisdiction over the appellant was not in compliance with the requirements of section 48.071, Florida Statutes.
Section 48.071, Florida Statutes, provides in pertinent part as follows:
When any natural person or partnership not residing or having his or their principal place of business in this state engages in business in this state, process may be served on the person who is in charge of any business in which the defendant is engaged within this state at the time of service, including agents soliciting orders for goods, wares, merchandise or services.
There is no showing in the record here that the appellant was engaged in an ongoing business in Florida at the time of service, nor that the attorney upon whom the substituted service of process was attempted, was an agent of the appellant in any present or ongoing business dealings. Failing a sufficient demonstration that the statutory criteria have been met, jurisdiction cannot be acquired over the nonresident appellant pursuant to this long-arm statute. See Dinsmore v. Martin Blumenthal Assocs., Inc., 314 So.2d 561 (Fla.1975). We therefore reverse.
ZEHMER, BARFIELD and WOLF, JJ., concur.